IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:26-CV-97-BO-RN

| | | |
|---|---|---|
| SIERRA LILES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNIVERSAL PROTECTION | ) | |
| SERVICE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on defendant's motion to compel arbitration. [DE 11]. The appropriate responses and replies have been filed and the time for doing so has passed. In this posture the motion is ripe for disposition. For the following reasons, the motion to compel arbitration is granted.

## BACKGROUND

Plaintiff instituted this action against defendant, her former employer, asserting claims for disability discrimination and retaliation in violation of the Americans with Disabilities Act (ADA) and for retaliation and unpaid wages under the Fair Labor Standards Act (FLSA). Defendant moved to compel arbitration, contending that plaintiff electronically signed an arbitration agreement as part of her onboarding process, and proffered evidence of the agreement. [DE 12]; [DE 12-1]; [DE 12-2].

## DISCUSSION

The Federal Arbitration Act (FAA) reflects "a liberal federal policy favoring arbitration agreements." *Adkins v. Labor Ready, Inc.*, 303 F.3d 496, 500 (4th Cir. 2002) (quotations omitted). A district court must stay proceedings and compel arbitration if the moving party demonstrates:

(1) the existence of a dispute between the parties, (2) a written agreement that includes an arbitration provision which purports to cover the dispute, (3) the relationship of the transaction, which is evidenced by the agreement, to interstate or foreign commerce, and (4) the failure, neglect, or refusal of the nonmovant to arbitrate the dispute. *Id.* at 500–01.

Defendant has demonstrated each of the above elements. There is certainly a dispute between the parties, as plaintiff has initiated an employment discrimination and retaliation case against her former employer. Defendant has established there is a written agreement between the parties that purports to cover the dispute. The declaration of Tom Troup, attached to defendant's motion to compel arbitration, explains candidates "must manually click each box and electronically sign each document" associated with the electronic onboarding, including the arbitration agreement [DE 12-2, ¶¶ 12–13], and the attached agreement reflects plaintiff's electronic signature [DE 12-1, p. 8]. In plaintiff's response in opposition to the motion to compel arbitration, she acknowledges reviewing and signing it. [DE 16, p. 2]. Causes of action based on the ADA and FLSA are expressly covered by the arbitration agreement [DE 12-1, p. 4, ¶ 4], and all claims in this case are therefore within the agreement's scope.

A matter involves interstate commerce under the FAA if it simply "affects" commerce. *Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 274 (1995); *accord Circuit City v. Adams*, 532 U.S. 105 (2001). Defendant has sufficiently demonstrated that its business involves interstate commerce. Tom Troup's declaration explains that defendant "provides security services nationwide and regularly uses interstate mail, telephone, and email to conduct its business, and maintains headquarters in California and Pennsylvania." [DE 12-2, p. 2]. Finally, plaintiff has opposed this motion to compel arbitration and has not agreed to arbitrate her claims.

2

Plaintiff argues the arbitration agreement is unenforceable against her because her consent was not knowing or voluntary, and that the circumstances of her signing render the agreement procedurally unconscionable. [DE 16, pp. 2–3]. First, the agreement states, "[b]y my electronic signature below, I acknowledge that I have had an opportunity to read the Agreement, that I have had an opportunity to ask questions about the Agreement, and that I understand the Agreement. I further acknowledge that I understand how to obtain this Agreement for later reference." [DE 12-1, p. 7]. Plaintiff nevertheless contends the onboarding process during which she signed the agreement was so chaotic that she could not possibly have understood its contents before signing.

> However, an elementary principle of contract law is that a party signing a written contract has a duty "to inform himself of its contents before executing it, ... and in the absence of fraud or overreaching he will not be allowed to impeach the effect of the instrument by showing that he was ignorant of its contents or failed to read it."

*Sydnor v. Conseco Fin. Servicing Corp.*, 252 F.3d 302, 306 (4th Cir. 2001) (citing *Corbett v. Bonney*, 202 Va. 933, 938, 121 S.E.2d 476 (1961)).

"Procedural unconscionability involves 'bargaining naughtiness' in the formation of the contract and is equated with the words 'unfair surprise' . . . and with the phrase 'lack of meaningful choice.'" *Rite Color Chem. Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 20 (1992) (internal citations omitted). Procedural unconscionability includes "fraud, coercion, undue influence, misrepresentation, [and] inadequate disclosure." *King v. King*, 114 N.C. App. 454, 458 (1994). Plaintiff presents no evidence of fraud, misrepresentation, or deceit, arguing only that the turbulent onboarding process prevented her from reading the agreement before she signed it. This is insufficient to establish procedural unconscionability. *See Bullick v. Sterling Inc.*, No. CIV.A. 03-6395, 2004 WL 2381544, at \*9 (E.D. Pa. Oct. 21, 2004) (rejecting plaintiff's procedural unconscionability argument where there was no allegation of coercion or unfair surprise).

3

"A district court therefore has no choice but to grant a motion to compel arbitration where a valid arbitration agreement exists and the issues in a case fall within its purview." *Adkins*, 303 F.3d at 500. In sum, the Court concludes defendant has established that plaintiff's claims are subject to mandatory arbitration. The Court will therefore refer plaintiff's claims to arbitration and stay this action. It declines to dismiss plaintiff's complaint as requested in the alternative. *Smith v. Spizzirri*, 601 U.S. 472, 475–76 (2024) ("When a federal court finds that a dispute is subject to arbitration, and a party has requested a stay of the court proceeding pending arbitration, the court does not have discretion to dismiss the suit on the basis that all the claims are subject to arbitration").

## CONCLUSION

Accordingly, for the foregoing reasons, defendant's motion to compel arbitration [DE 11] is GRANTED. This action is hereby STAYED during the pendency of the arbitration proceedings. The clerk is DIRECTED to remove the case from the active docket while the case is stayed. Defendant shall file status updates every ninety days as to the status of the arbitration proceedings. Defendant shall further notify the Court at the conclusion of the arbitration proceedings, including whether any claims or issues remain for resolution in this case.

SO ORDERED, this ___ day of May 2026.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4